IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YOHAN A. RAMIREZ-HERRERA, | : | |
|     Petitioner | : | No. 1:25-cv-01279 |
| | : | |
|     v. | : | (Judge Kane) |
| | : | |
| SUPERINTENDENT SCI FOREST, | : | |
| et al., | : | |
|     Respondents | : | |

**MEMORANDUM**

Presently before the Court is pro se Petitioner Yohan A. Ramirez-Herrera ("Ramirez-Herrera")'s petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons set forth below, the Court will dismiss the petition without prejudice for lack of jurisdiction.

**I.   BACKGROUND**

On January 30, 2017, Ramirez-Herrera was sentenced to an aggregate sentence of a minimum of thirty (30) years to a maximum of sixty (60) years' state incarceration after he pleaded guilty to third-degree murder (18 Pa. C.S. § 2502(c)), aggravated assault (18 Pa. C.S. § 2702(a)(1)), and flight to avoid apprehension, trial, or punishment (18 Pa. C.S. § 5126(a)) in the Court of Common Pleas of York County. See (Doc. No. 1 at 1); Commonwealth v. Ramirez-Herrera, No. CP-67-CR-0002280-2016 (York Cnty. Ct. Com. Pl. filed Apr. 8, 2016).[1] Ramirez-Herrera did not file an appeal from his judgment of sentence, and he did not file a collateral

---

[1] The Court takes judicial notice of the docket from Ramirez-Herrera's underlying criminal case and cites to it as "CCP Docket." See Zedonis v. Lynch, 233 F. Supp. 3d 417, 422 (M.D. Pa. 2017) ("Pennsylvania's Unified Judicial System provides online access to the docket sheets for criminal cases, and this Court may take judicial notice of those public dockets." (citations omitted)).

attack by submitting a petition under Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S. §§ 9541–46.  See CCP Docket.

On June 25, 2025, Ramirez-Herrera filed the instant Section 2254 habeas petition.[2]  (Doc. No. 1.)  In his petition, Ramirez-Herrera asserts that his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution have been violated because no final order of removal has been entered despite being subject to an immigration detainer since March 2016.  (Id. at 5.)  He also indicates that "law enforcement" and the "prosecution" failed to notify him of his due process rights to an "immigration judge order of removal which becomes final upon a determination by the Board of Immigration Appeals."  See (id. at 7 (internal quotation marks omitted)).  He claims that this failure "amounts to government interference and meets the timeliness exception."  See (id.).  Based on these assertions, Ramirez-Herrera's sole requested form of relief is a "due process order of removal by an immigration judge into the [Immigration and Customs Enforcement ("ICE")] under" his 2016 immigration detainer.  See (id. at 15).

## II.   LEGAL STANDARDS

### A.   Screening of Section 2254 Habeas Petitions

District courts are tasked with conducting a preliminary review of Section 2254 habeas petitions.  See R. 4, 28 U.S.C. foll. §2254 ("The clerk must promptly forward the [habeas] petition to a judge under the court's assignment procedure, and the judge must promptly examine it.").  When conducting this review, "[i]f it plainly appears from the petition and any attached

---

[2] The federal "prisoner mailbox rule" provides that a pro se prisoner's submission is deemed filed "at the time [the prisoner] delivered it to the prison authorities for forwarding to the court clerk."  See Houston v. Lack, 487 U.S. 266, 276 (1988).  Here, Ramirez-Herrera declared that he placed his petition in the prison's mail system on June 25, 2025.  See (Doc. No. 1 at 15).  As such, the Court uses June 25, 2025, as the petition's filing date even though the Clerk of Court did not docket it until July 14, 2025.

2

exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See id.; see also Lonchar v. Thomas, 517 U.S. 314, 320 (1996) (explaining that following initial review, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court"); McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

### B. Section 2254 Habeas Petitions

A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the "very fact or duration" of their confinement and seeking "immediate release or a speedier release from that imprisonment." See Preiser v. Rodriguez, 411 U.S. 475, 498–99 (1973); Leamer v. Fauver, 288 F.3d 532, 542–44 (3d Cir. 2002). A district court is authorized to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that [they are] in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). Claimed violations of state law, standing alone, will not entitle a petitioner to relief absent a showing that those violations are so great as to be of a constitutional dimension. See Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Furthermore, a state prisoner seeking to invoke the power of this Court to issue a writ of habeas corpus must have exhausted the remedies available to them in the courts of the state. See 28 U.S.C. § 2254(b)(1)(A).

### III.  DISCUSSION

####  A.  Screening of Ramirez-Herrera's Section 2254 Petition

The Court has screened Ramirez-Herrera's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Based on this review, the Court will dismiss the petition because it plainly appears from it that Ramirez-Herrera is not entitled to relief.  Without deciding whether Ramirez-Herrera can raise his immigration-related habeas claims through a Section 2254 petition or whether he would have to raise them under 28 U.S.C. § 2241, regardless of which statute applies here, this Court lacks jurisdiction over Ramirez-Herrera's petition because he is not "in custody" under either habeas statute.

Under Section 2254, to invoke habeas jurisdiction under this statute, a petitioner must be "in custody pursuant to the judgment of a State court . . . ."  See 28 U.S.C. § 2254(a).  More specifically, "the petitioner [must] be in custody 'under the conviction or sentence under attack at the time [their] petition is filed.'"  See Lee v. Stickman, 357 F.3d 338, 342 n.3 (3d Cir. 2004) (quoting Maleng v. Cook, 490 U.S. 488, 490–91 (1989)).  As Ramirez-Herrera acknowledges in his petition, he is "in custody" of the Commonwealth of Pennsylvania Department of Corrections at State Correctional Institution Forest while serving his aggregate sentence imposed for his York County convictions.  He neither challenges his underlying convictions or sentence, nor asserts that his constitutional rights were violated in that context.  Because he is not "in custody" pursuant to his 2016 detainer, he cannot "avail himself of habeas relief."  See Lawrence v. United States, No. 21-cv-02007, 2022 WL 468044, at *2 (M.D. Pa. Feb. 15, 2022) (concluding that the court lacked jurisdiction to consider state prisoner's Section 2254 habeas petition challenging his immigration detainer and final order of removal).

For similar reasons, Ramirez-Herrera cannot avail himself of Section 2241.³ Under Section 2241, "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [they are] in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241(c)(3) (emphasis added). A district court only has subject-matter jurisdiction under Section 2241(c)(3) if both the "in custody" and "in violation of the Constitution or laws or treaties of the United States" requirements of the statute are satisfied. See Maleng v. Cook, 490 U.S. at 490; see also Kumarasamy v. Att'y Gen. of U.S., 453 F.3d 169, 172 (3d Cir. 2006) ("For a court to have jurisdiction over an immigration-related habeas corpus claim, the petitioner must be in the 'custody' of the federal immigration agency."). "Custody is measured as of the time that the petition was filed." Henry v. Chertoff, 317 F. App'x 178, 179 (3d Cir. 2009) (unpublished).

"The term 'custody' extends beyond physical confinement, and encompasses other significant restraints on . . . liberty that are not shared by the public generally." Leyva v. Williams, 504 F.3d 357, 363 (3d Cir. 2007) (internal quotation marks and citation omitted). Thus, "[a]n individual need not be incarcerated to be considered in custody for purposes of § 2241." See Kumarasamy, 453 F.3d at 172 (citing Jones v. Cunningham, 371 U.S. 236 (1963) and Jordan v. Att'y Gen. of U.S., 424 F.3d 320, 325 n.6 (3d Cir. 2005)). Nevertheless, "a prisoner who is serving a criminal sentence is not in [DHS] custody simply because [DHS] has lodged a detainer against [them] with the prison where [they are] incarcerated." See Adams v. Apker, 148 F. App'x 93, 95 (3d Cir. 2005) (unpublished). In other words, "[t]he mere filing of a detainer is insufficient to establish that an alien who is detained pursuant to a criminal conviction

---

³ Rule 4 of the Rules Applicable to Section 2254 Habeas Petitions may be applied to Section 2241 habeas petitions as well. See R. 1(b), 28 U.S.C. foll. §2254 ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a).").

is 'in custody' for purposes of the habeas statute." See Korac v. Warden Fairton FCI, 814 F. App'x 722, 723 (3d Cir. 2020) (unpublished) (citing Zolicoffer v. U.S. Dep't of Just., 315 F.3d 538, 540–41 (5th Cir. 2003)).  If, however, the petitioner is "subject to a final deportation order," they would be "in custody for § 2241 purposes."  See Kolkevich v. Att'y Gen. of U.S., 501 F.3d 323, 334 n.6 (3d Cir. 2007), abrogated on other grounds by Inestroza-Tosta v. Att'y Gen., 105 F.4th 499 (3d Cir. 2024); see also Kumarasamy, 453 F.3d at 172–73 ("In the immigration context, several of our sister circuits have held that an individual subject to a final deportation order issued by the INS or its successor agency is in custody for § 2241 purposes." (citations omitted)).

As already stated, Ramirez-Herrera does not allege that he is subject to a final deportation order.  To the contrary, he seeks to appear before an immigration judge for a hearing so he can obtain a final deportation order.  (Doc. 1 at 15.)  By his own allegations, he is not "in custody" under his immigration detainer or a final order of removal for purposes of Section 2241.  See Henry, 317 F. App'x at 179 (determining that district court properly dismissed complaint filed by a person incarcerated pursuant to a federal criminal sentence, interpreting complaint as a habeas petition challenging a detainer lodged against a petitioner serving a federal criminal sentence, and concluding that petitioner was not "in custody" for purposes of Section 2241 because he "failed to demonstrate that he was being held pursuant to the detainer, that he was subject to a final order of removal, or even that removal proceedings had been initiated").  Accordingly, this Court lacks jurisdiction to address Ramirez-Herrera's petition if construed as one filed under Section 2241.  See, e.g., LaFond v. Custodian of FCI-Loretto, No. 19-cv-46, 2022 WL 22694124, at *1 (W.D. Pa. Mar. 29, 2022) ("Petitioner is not 'in custody' for § 2241 purposes because he is in federal custody pursuant to his federal criminal conviction, not the immigration

6

detainer, and therefore dismissal is warranted for lack of jurisdiction."); Perez-Guerrero v. Huges, No. 18-cv-01165, 2018 WL 678242, at *2 (D.N.J. Feb. 2, 2018) (dismissing Section 2241 habeas petition by prisoner serving state sentence because prisoner was "challenging his immigration hold/detainer—not a removal proceeding or a final order of removal"). Accordingly, to the extent the Court construes Ramirez-Herrera's habeas petition as a Section 2241 petition, the Court would also to dismiss it without prejudice for lack of subject-matter jurisdiction.

  **B.**  **Certificate of Appealability**

A court should only issue a certificate of appealability ("COA") if "the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). If, however, the district court

> denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

See id. Here, the Court finds that reasonable jurists would not debate whether the Court was correct in determining that it lacks jurisdiction to consider Ramirez-Herrera's petition whether construed under Section 2254 or 2241. Accordingly, the Court will not issue a COA.

## IV. CONCLUSION

For the reasons stated above, the Court will dismiss without prejudice Ramirez-Herrera's Section 2254 habeas petition for lack of jurisdiction, decline to issue a COA, and direct the Clerk of Court to close this case. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

8